IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**FTS DISTRIBUTORS OF CALIFORNIA,**
a California Corporation, **AMERICAN
AUTOMOTIVE SECURITY PRODUCTS, INC.,**
a Florida Corporation, and **HAOLEFIELD
TRADING, LTD**, a British Virgin Islands
Company,

        **Plaintiffs/Counter-Defendants,**

vs.                                    No.    CIV 06-0704 RB/CEG

**SANDIA TOBACCO MANUFACTURERS, INC.,**
a New Mexico Corporation,

        **Defendant/Counter-Claimant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendant/Counter-Claimant's ("Sandia's") Objections to Order Granting Plaintiffs' Motion to File Second Amended Complaint (Doc. 90) and Alternative Request for Briefing Schedule for Summary Judgment on New Claim and Postponement of Current Deadlines (Doc. 91), filed on August 7, 2007. Jurisdiction arises under 28 U.S.C. §1332. Having considered the submissions of counsel, relevant law, and being otherwise fully advised, I find that Sandia's objections should be overruled and the alternative request should be granted.

**I.    Background.**

On August 8, 2006, Plaintiffs (collectively "Plaintiffs") FTS Distributors of California ("FTS of California"), American Automotive Security Products, Inc., ("AASPI") and Haolefield Trading, LTD, ("Haolefield") brought this case against Sandia based on various agreements related to the purchase of tobacco and the sale of tobacco products. Before a responsive pleading was filed, Plaintiffs filed a first amended complaint alleging claims for breach of contract, conversion, and breach of the covenant of good faith and fair dealing. FTS of California additionally alleges a claim

for unfair competition. Plaintiffs seek injunctive relief and money damages.

On September 5, 2006, Sandia answered the amended complaint. On February 14, 2007, Sandia moved to amend its answer to assert counterclaims against FTS of California and Haolefield. Leave to amend the answer was granted by the assigned United States Magistrate Judge, the Honorable William D. Schneider.

On March 22, 2007, Sandia filed an amended answer and asserted counterclaims for breach of contract against Plaintiffs; breach of the covenant of good faith and fair dealing against FTS of California and Haolefield; unjust enrichment and conversion against FTS of California; civil conspiracy against FTS of California and AASPI; and breach of warranty against Haolefield.

On April 23, 2007, Sandia moved for summary judgment on all claims alleged in the first amended complaint. On May 7, 2007, Sandia moved for partial summary judgment on Count I of its Counterclaims against FTS of California.

On May 30, 2007, at 11:59 p.m., Plaintiffs moved to amend their complaint to state a claim for unjust enrichment. Sandia opposed the motion on the grounds that Plaintiffs were dilatory[1], Plaintiffs filed the motion to amend to avoid disposal of their case on summary judgment and to gain a tactical advantage because the time for filing dispositive motions had expired, and amendment would be futile and unfair. Plaintiffs replied that the unjust enrichment claim is based on the same facts as the existing claims, and Sandia failed to demonstrate undue prejudice or futility.

On August 3, 2007, Judge Schneider granted the motion to amend.

Sandia filed timely objections to Judge Schneider's order pursuant to Fed. R. Civ. P. 72(a). In the alternative, Sandia requests that the Court set a briefing schedule to allow Sandia to move for

---

[1] Plaintiffs filed the motion on the due date for dispositive motions and the day after Sandia filed its reply on its motion for summary judgment.

summary judgment on Plaintiffs' new claim for unjust enrichment, set a schedule for the parties to submit an amended pretrial order, reset future deadlines, and postpone the trial.

Plaintiffs respond Judge Schneider's order was not clearly erroneous or contrary to law and the objections should be overruled. Plaintiffs do not oppose extension of the deadline for dispositive motions, but oppose amendment of any other deadlines and postponement of the trial date. Plaintiffs state that they would introduce the same evidence in support of the new unjust enrichment claim as they will introduce to support their breach of contract claim. According to Plaintiffs, continuance of the November 27, 2007 trial date is unnecessary.

## II. Standard.

A magistrate judge's order on a non-dispositive matter may be reversed only upon a finding that the order was "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Under this standard, a district judge must affirm a decision of a magistrate judge unless on the entire record he or she is "left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indust.*, 847 F.2d 1458, 1464 (10th Cir. 1988). When reviewing a question of law, the standard of review is de novo. *Weekoty v. United States*, 30 F. Supp. 2d 1343, 1344 (D. N. M. 1998).

## III. Discussion.

### A. Plaintiffs' objections to Judge Schneider's order are overruled.

Sandia argues that Judge Schneider's Order should be set aside because the Order consists of four short lines and does not specifically address any of the arguments advanced by counsel.

The fact that Judge Schneider did not specifically address the parties' arguments does not necessarily render his decision clearly erroneous or contrary to law. However, Sandia correctly points out that the order does not specifically address the arguments raised by counsel. These

arguments are addressed herein.

After a responsive pleading has been filed, a plaintiff may amend the complaint only by leave of the court or upon written consent of the adverse parties. Fed. R. Civ. P. 15(a). Leave to amend shall be freely granted when justice so requires. *Id.* However, if the court determines that there has been undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice, or futility of the amendment, leave to amend may be denied. *Foman v. Davis*, 371 U. S. 178 (1962).

Plaintiffs moved to amend before midnight on the deadline for filing dispositive motions. While it was filed late in the evening, the motion was timely under the deadlines set for this case. At that time, Sandia's motion for summary judgment had been pending for less than a month. Only three and half months had elapsed since Sandia filed its amended answer and counterclaims. The delay in filing the motion to amend was not excessive. The fact that Plaintiffs may have sought to amend in light of arguments raised in connection with the summary judgment motion is not indicative of a dilatory motive. Indeed, tactical maneuvers are part and parcel of litigation. Having given due consideration to the respective positions of the parties, I find no undue delay, bad faith, or dilatory motive on the part of Plaintiffs.

While the filing of the motion on the due date for dispositive motions prevented Sandia from filing a motion for summary judgment, any unfairness may be remedied by extension of the dispositive motion deadline. Sandia has not shown it would be unduly prejudiced by the amendment so long as the dispositive motion deadline is extended.

Sandia contends the amendment would be futile because the unjust enrichment claim is subject to the arguments raised in Sandia's motion for summary judgment. In making this point, Sandia concedes that additional discovery on the new claim will be unnecessary.

4

"[T]he law favors the resolution of legal claims on the merits." *Walker v. United Parcel Serv., Inc.*, 240 F.3d 1268, 1272 (10th Cir. 2001). Without resolving the motion for summary judgment, I cannot say as a matter of law that the unjust enrichment claim would be subject to dismissal or summary judgment. Having considered the arguments advanced by counsel de novo, I find that the motion to file second amended complaint was properly granted. The objections to Judge Schneider's order are overruled.

      **B.**     **The alternative request is granted.**

Based on my review of the record, additional discovery is unnecessary on Plaintiffs' unjust enrichment claim. In the interests of fairness and judicial economy, Sandia should be permitted to test this claim through motion practice. The parties should submit an amended pretrial order to include the new claim. Continuance of the trial date is necessary to allow the Court time to address the fully briefed motions for summary judgment.

Sandia may file a motion for summary judgment on Plaintiffs' unjust enrichment claim by September 14, 2007. Plaintiffs' response to such motion is due by September 28, 2007. Sandia may file a reply by October 12, 2007.

Plaintiffs are directed to submit their portion of the amended pretrial order to Sandia by September 14, 2007. Sandia is directed to submit the consolidated pretrial order to the Court by September 28, 2007.

The pretrial conferences and jury trial are postponed for approximately forty-five days. A separate notice for the continued pretrial conferences and trailing jury trial setting will issue.

      **IT IS SO ORDERED.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**