IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**FTS DISTRIBUTORS OF CALIFORNIA,**
a California Corporation, **AMERICAN**
**AUTOMOTIVE SECURITY PRODUCTS, INC.,**
a Florida Corporation, and **HAOLEFIELD**
**TRADING, LTD,** a British Virgin Islands
Company,

      **Plaintiffs/Counter-Defendants,**

vs.                                          No.    CIV 06-0704 RB/CEG

**SANDIA TOBACCO MANUFACTURERS, INC.,**
a New Mexico Corporation,

      **Defendant/Counter-Claimant.**

**MEMORANDUM OPINION AND ORDER**

This matter came before the Court on October 11, 2007, for a hearing on its Order to Show Cause (Doc. 108), filed on October 2, 2007. The Order to Show Cause required Plaintiffs / Counter-Defendants[1] to appear before me and show good cause for their failure to comply with my Order of September 7, 2007. (Doc. 104.) Plaintiffs / Counter-Defendants neither appeared as ordered, nor otherwise contacted the Court or opposing counsel.

The Order of September 7, 2007 granted an unopposed motion to allow counsel for Plaintiffs / Counter-Defendants to withdraw. From that date forward, Plaintiffs / Counter-Defendants have been unrepresented corporations. The Order of September 7, 2007 allowed Plaintiffs / Counter-Defendants until September 28, 2007 to retain substitute counsel. To date, substitute counsel has not entered an appearance on behalf of Plaintiffs / Counter-Defendants.

The Local Rules provide that a corporation must be represented by an attorney authorized

---

[1] On October 5, 2007, the Office of the Clerk faxed and mailed copies of the Order to Show Cause to the addresses for Plaintiffs / Counter-Defendants contained in their former counsel's motion to withdraw. (Doc. 99.)

to practice before this Court. *See* D.N.M.LR-Civ. 83.7. When an attorney who represents a corporation seeks to withdraw, the attorney must give notice in the motion to withdraw that a corporation or partnership can appear only with an attorney. *See* D.N.M.LR-Civ. 83.8(c). Absent entry of appearance by a new attorney, any filings made by the party may be stricken and default judgment or other sanctions imposed. *Id*.

Plaintiffs / Counter-Defendants were admonished in the Order of September 7, 2007, and in the Order to Show Cause, that a corporation must be represented by an attorney authorized to practice before this Court.

The Order of September 7, 2007 provided: "[a]bsent entry of appearance by a new attorney, any filings made by the party may be stricken and default judgment or other sanctions may be imposed against Plaintiffs / Counter-Defendants American Automotive Security Products, Inc., Haolefield Trading, Ltd., and/or FTS of California, Inc." Additionally, the Order to Show Cause warned Plaintiffs / Counter-Defendants: "[f]ailure to appear as mandated by this Order to Show Cause will result in dismissal of the amended complaint with prejudice and entry of a default judgment against Plaintiffs / Counter-Defendants on the counterclaims." Despite these specific warnings, Plaintiffs / Counter-Defendants failed to comply with the Local Rules and the Orders of this Court.

"Rule 41(b) specifically authorizes a district court to dismiss an action for failing to comply with any aspect of the Federal Rules of Civil Procedure." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Before dismissing an action with prejudice, a district court should consider: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the

efficacy of lesser sanctions." *Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003) (quotations omitted); *see also Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) ("*Ehrenhaus* factors"). Application of these factors leads to the conclusion that the claims of Plaintiffs / Counter-Defendants should be dismissed with prejudice.

The first two *Ehrenhaus* factors concern prejudice to the opposing party and to the Court. Defendant / Counter-Claimant has been prejudiced by having to defend an action without an appearance by the opposing parties. Moreover, the conduct of Plaintiffs / Counter-Defendants has interfered with the judicial process. Plaintiffs / Counter-Defendants are unrepresented corporations. The Local Rules prohibit corporations from appearing without counsel. Additionally, Plaintiffs /Counter-Defendants failed to appear for a duly noticed hearing, thereby interfering with the Court's docket. The first two *Ehrenhaus* factors are satisfied.

The third and fourth *Ehrenhaus* factors look to the culpability of the litigants and whether they were warned that dismissal was a likely sanction. Plaintiffs / Counter-Defendants were responsible for securing counsel to represent them. Twice, the Court specifically warned Plaintiffs / Counter-Defendants this matter would be dismissed if they failed to secure counsel as required by the Local Rules. These factors weigh against Plaintiffs / Counter-Defendants.

The final *Ehrenhaus* factor requires consideration of the efficacy of lesser sanctions. After they missed the September 28, 2007 deadline, the Court, on its own initiative, gave Plaintiffs / Counter-Defendants an additional opportunity to secure counsel or to explain whey they were unable to do so. Plaintiffs / Counter-Defendants failed to appear or otherwise contact the Court. Lesser sanctions would not remedy the direct violation of the Local Rules and flagrant disregard of this Court's orders. Having considered the *Ehrenhaus* factors, I conclude that dismissal with prejudice is appropriate with respect to the claims of Plaintiffs / Counter-Defendants.

Defendant / Counter-Claimant has asserted counterclaims against Plaintiffs / Counter-Defendants for money owed and damages. The Local Rules provide that a default judgment may be entered against an unrepresented corporation. *See* D.N.M.LR-Civ. 83.8(c). Before a default judgment may issue, the Court requires additional information regarding damages. Defendant / Counter Claimant will be directed to submit an affidavit itemizing money owed and damages, as well as a form of default judgment.

**WHEREFORE,**

**IT IS ORDERED** that the claims of Plaintiffs / Counter-Defendants alleged herein are **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that a default judgment will issue against Plaintiffs / Counter-Defendants on the counterclaims. Defendant / Counter-Claimant is directed to submit an affidavit itemizing money owed and damages, as well as a form of judgment, by October 31, 2007.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**